UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE
INTUIT DATA LITIGATION

Case No. 15-cv-01778-EJD (SVK)

**ORDER ON JOINT LETTER BRIEF RE ATO DOCUMENTS AND RELEVANCE OBJECTIONS**

Re: Dkt. No. 114

Before the Court is the parties' joint letter brief concerning a dispute over the relevance of documents concerning Account Takeover Refund Fraud sought by Plaintiffs in discovery (the "ATO documents"). ECF 114. At the request of Defendant Intuit, Inc., the Court held a hearing on this dispute on August 22, 2017. After considering the joint letter brief, argument at the hearing, relevant legal authority, and good cause appearing, the Court ORDERS Intuit to produce the ATO documents.

**I.      Background**

This is a putative class action claiming that Intuit enabled third parties to file false tax returns in the names of the named Plaintiffs and other taxpayers through Intuit's TurboTax service. ECF 69. Plaintiffs allege that these third parties fraudsters used two methods to carry out this scheme: (1) opening new TurboTax accounts in the names of other individuals and filing returns through those accounts ("Stolen Identity Refund Fraud" or "SIRF"), and (2) accessing the accounts of existing TurboTax customers and filing returns through those accounts ("Account Takeover Refund Fraud" or "ATO"). *Id.* at ¶ 26. According to Plaintiffs, this scheme enabled the fraudsters to obtain tax refunds owed to Plaintiffs, while Intuit collected fees associated with filing the tax returns. *Id.* at ¶¶ 41-49. Plaintiffs assert causes of action for violation of the California

Unfair Competition Law, negligence, aiding and abetting fraud, negligent enablement of third-party imposter fraud, and unjust enrichment. *Id.* at ¶¶ 174-239. Plaintiffs seek to bring these claims on behalf of a class defined in the operative Second Amended Complaint as: "All persons in the United States in whose names fraudulent tax returns were filed using TurboTax within the applicable statute of limitations." *Id.* at ¶ 162. Intuit generally denies responsibility for fraudulent tax filings submitted through TurboTax. *See* ECF 53.

The District Judge has issued an order opening discovery. ECF 84. No discovery cut-off or deadline for Plaintiffs' class certification motion has been set. Intuit's motion to dismiss the Second Amended Complaint (ECF 78) and its motion to compel certain of the named Plaintiffs to submit their dispute with Intuit to arbitration (ECF 75) are pending before the District Judge.

## II. ATO Documents Subject to Intuit's Relevance Objections

The parties' letter brief concerns a dispute over the relevance of certain documents that are responsive to Plaintiffs' requests for production. ECF 114. Intuit objects to the production of documents that relate only to ATO—as opposed to documents relating to SIRF, documents relating to both ATO and SIRF, and documents that identity tax fraud more generally, which Intuit is apparently willing to produce—on the grounds that ATO-only documents are not relevant. *Id.* at 3-5. Intuit argues that Plaintiffs "abandoned" their claims regarding ATO-type fraud by filing a Second Amended Complaint that removed certain allegations that appeared in the Consolidated Amended Complaint, as well as by making certain arguments in opposition to Intuit's second motion to compel arbitration and Intuit's motion to dismiss the Second Amended Complaint. *Id.* at 4-5. Plaintiffs respond that they have not dropped ATO victims from the putative class or the case and state this action is brought on behalf of all victims in whose name fraudulent TurboTax returns were filed, whether by means of SIRF or ATO. *Id.* at 2-3.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Prior to class certification, discovery lies within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and

2

that some discovery will be warranted."). Discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Indeed, to deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210). "[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable" and "the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger*, 564 F.2d at 210.

The Court concludes that the ATO documents sought by Plaintiffs are relevant and appropriate discovery at this pre-certification stage of the case. "In determining relevancy in a class action, it is appropriate for the Court to consider the class definition." *Clay v. Cytosport, Inc.*, No. 15-cv-00165-L (DHB), 2016 U.S. Dist. LEXIS 144278, at *8 (S.D. Cal. Oct. 18, 2016). Here, the proposed class, as defined in the Second Amended Complaint, includes "[a]ll persons in the United States in whose names fraudulent tax returns were filed using TurboTax within the applicable statute of limitations." ECF 69 at ¶ 162. The proposed class is not limited to persons who suffered SIRF-type fraud. In addition, the Second Amended Complaint states that this proposed class may be divided into subclasses. *Id.* at 31 n. 40. Elsewhere, the Second Amended Complaint discusses both SIRF and ATO fraud. *See, e.g., id.* at ¶¶ 25-27, 29, 34, 62. Intuit has not demonstrated that Plaintiffs have unambiguously "abandoned" their ATO-related claims. Although Intuit's arguments as to the role of ATO-type fraud in this case may be pertinent to issues such as class certification, they are not an appropriate basis to limit discovery at this stage in light of the class definition in the operative complaint. *See Clay*, 2016 U.S. Dist. LEXIS 144278, at *18-20 (rejecting defendant's attempt to limit pre-certification discovery to particular products purchased by plaintiff and to purported period of statute of limitations where class definition in complaint was broader). Plaintiffs have shown that discovery of the ATO documents

3

is necessary to enable Plaintiffs to present evidence as to whether their proposed class or subclasses are appropriate.

The Court therefore concludes that the ATO documents are relevant.

III. **Conclusion**

Accordingly, the Court orders Intuit to produce the ATO documents to Plaintiffs. The parties are to meet and confer regarding a reasonable production schedule for the documents and, if they are unable to agree, must submit a joint letter brief to the undersigned.

SO ORDERED.

Dated: August 23, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge