United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINE DIAZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>INTUIT, INC.,<br><br>　　　　　Defendant. | Case No. 5:15-cv-01778-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. SECTION 1292(B) OR, ALTERNATIVELY, FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 127 |

I. INTRODUCTION

Pursuant to 28 U.S.C. §1292(b), Plaintiffs Carol Knoch, James Lebinski, David Stock and Marilyn Williams ("Plaintiffs") move for an order certifying for interlocutory appeal the Court's September 29, 2017 Order Granting Motion to Compel Arbitration (Dkt. 123). In the alternative, Plaintiffs move for leave to file a motion for reconsideration. The motion is scheduled for hearing on February 15, 2018. The Court finds it appropriate to take the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing date is vacated. For the reasons set forth below, Plaintiffs' motion is denied.

## II. DISCUSSION

A. Motion for Interlocutory Review

Plaintiffs seek to appeal, on an interlocutory basis, the Court's ruling that Plaintiffs agreed to arbitrate the arbitrability of their claims when they agreed to Defendant Intuit, Inc.'s TurboTax Online Terms of Service or the TurboTax End User License Agreement, which provide in pertinent part: "ANY DISPUTE OR CLAIM RELATING IN ANY WAY TO THE SERVICES OR THIS AGREEMENT WILL BE RESOLVED BY BINDING ARBITRATION, RATHER THAN IN COURT." Dkt. 76-2 (emphasis in original). The Court assumes familiarity with the facts of this case and the Court's September 29, 2017 Order Granting Motion to Compel Arbitration (Dkt. 123).

A district court may certify a non-dispositive order for interlocutory appeal pursuant to 28 U.S.C. §1292(b) if: (1) a controlling question of law is at issue; (2) there are substantial grounds for a difference of opinion on the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Certification is inappropriate unless all three Section 1292(b) requirements are met. Id. In seeking interlocutory appeal, the movant bears a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also Johnson v. Consumerinfo.com, Inc., 745 F.3d 1019, 1021 (9th Cir. 2014) ("Certification for interlocutory appeal should be applied sparingly and only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.").

Plaintiffs contend that there are two controlling questions of law upon which there are substantial grounds for differences of opinion: whether Intuit's assertion of arbitrability is "wholly groundless"[1] and whether the reference to the AAA rules in the parties' arbitration agreements

---

[1] See Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366, 1371 (Fed. Cir. 2006) (where parties agree to arbitrate arbitrability, a court's inquiry is limited to whether the assertion of arbitrability is
Case No.: 5:15-cv-01778-EJD
ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. SECTION 1292(B) OR, ALTERNATIVELY, FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
2

constitutes "clear and unmistakable evidence of the intent to arbitrate arbitrability."[2] With respect to the "wholly groundless" issue, Plaintiffs argue that their claims fall decidedly outside Intuit's arbitration clause because the claims do not relate to their TurboTax accounts with Intuit, but instead relate to fraudsters' entirely separate use of TurboTax accounts that were fraudulently opened in Plaintiffs' names. With respect to the "intent to arbitrate arbitrability" issue, Plaintiffs contend that the law is unsettled regarding whether incorporation of the AAA rules is clear and unmistakable evidence of intent to arbitrate arbitrability when the parties to the agreement are unsophisticated consumers (as compared to sophisticated parties). Plaintiffs contend that an interlocutory appeal will materially advance the ultimate termination of the litigation regardless of the outcome in the Ninth Circuit. Plaintiffs reason that if the Ninth Circuit rules in their favor, the case will be remanded to the Court for further prosecution of Plaintiffs' claims, which would avoid individual and unnecessary arbitrations, and alternatively if the Ninth Circuit rules against Plaintiffs, Plaintiffs would be able to seek further appellate review or proceed to individual arbitrations. Plaintiffs propose that while the requested interlocutory appeal is pending, the remaining putative class claims of Plaintiffs Brown and Diaz can continue to proceed without delay.

The Court acknowledges that one of the issues identified by Plaintiffs may present a controlling question of law on which there is a substantial ground for a difference of opinion, namely whether the reference to the AAA rules in the parties' arbitration agreements constitutes clear and unmistakable evidence of intent to arbitrate arbitrability when the parties to the agreement are arguably unsophisticated consumers. An interlocutory appeal on either of the issues identified by Plaintiffs, however, will not materially advance the ultimate termination of the litigation. Rather, an interlocutory appeal at this stage in the proceedings is likely to delay the

---

"wholly groundless").
[2] See e.g. Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015).

Case No.: 5:15-cv-01778-EJD
ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. SECTION 1292(B) OR, ALTERNATIVELY, FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

3

case even more than it already has been.[3] Even if Plaintiffs were granted leave to pursue an interlocutory appeal and prevailed, the only practical difference would be that the Court, and not an arbitrator, would decide whether Plaintiffs' claims are subject to arbitration. Further, allowing Plaintiffs to pursue an interlocutory appeal of the Court's order is not endorsed by binding precedent. See Bushley v. Credit Suisse First Boston, 360 F.3d 1149, 1153 n.1 (9th Cir. 2004) ("Unnecessary delay of the arbitral process through appellate review is disfavored.").

B. Motion for Leave to File Motion for Reconsideration

Plaintiffs seek leave to move for reconsideration in light of the Ninth Circuit's recent September 11, 2017 decision in Welch v. My Left Foot Children's Therapy, LLC, 871 F.3d 791 (9th Cir. 2017), which Plaintiffs characterize as a material development in the law.

Under Civil Local Rule 7-9(b)(1), the Court may grant leave to move for reconsideration if (1) at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought, and in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

The recent Welch decision does not constitute a material change or development in the law warranting reconsideration. Rather, the Welch decision is only an additional citation in support of an argument Plaintiffs already made in opposition to the underlying motion to compel arbitration. Furthermore, Welch is distinguishable insofar as the arbitration provision in that case is narrower than the arbitration provision at issue here.

III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to certify the Court's September 29,

---

[3] The case was filed on April 20, 2015 and remains at the pleading stage.

1  2017 Order Granting Motion to Compel Arbitration (Dkt. 123) for interlocutory appeal pursuant to
2  28 U.S.C. §1292(b) is DENIED.  Plaintiffs' alternative motion for leave to file a motion for
3  reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated:  February 16, 2018

_____
EDWARD J. DAVILA
United States District Judge