1    Michael W. Sobol (SBN 194857)
     msobol@lchb.com
2    LIEFF CABRASER HEIMANN &
     BERNSTEIN, LLP
3    275 Battery Street, 29th Floor
     San Francisco, CA 94111-3339
4    Telephone: 415.956.1000

5    Steven W. Teppler (*pro hac vice*)
     steppler@abbottlawpa.com
6    ABBOTT LAW GROUP, P.A.
     2929 Plummer Cove Road
7    Jacksonville, FL 32223
     Telephone: 904.292.1111
8
9    Joseph J. Siprut (*pro hac vice*)
     jsiprut@siprut.com
10   SIPRUT, PC
     17 North State Street, Suite 1600
11   Chicago, IL 60602
     Telephone: 312.236.0000

     Ariana J. Tadler (*pro hac vice*)
     atadler@milberg.com
     MILBERG TADLER PHILLIPS
     GROSSMAN LLP
     One Pennsylvania Plaza, Suite 1920
     New York, NY 10119
     Telephone: 212.946.9453

     Mark S. Goldman (*pro hac vice*)
     goldman@lawgsp.com
     GOLDMAN SCARLATO & PENNY, P.C.
     8 Tower Bridge, Suite 1025
     161 Washington Street
     Conshohocken, PA 19428
     Telephone: 484.342.0700

     *Attorneys for Plaintiffs and the Proposed Class*

12

### IN THE UNITED STATES DISTRICT COURT

13

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15

| | |
|---|---|
| 16  IN RE INTUIT DATA LITIGATION | Case No.  15-CV-1778-EJD-SVK |
| 17  THIS DOCUMENT RELATES TO: | **DECLARATION OF HENRY J. KELSTON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 18  **ALL ACTIONS** | |
| 19 | Honorable Edward J. Davila |
| 20 | |

21

22

23

24

25

26

27

28

Declaration of Henry J. Kelston in Support of
Motion for Preliminary Approval of Class Action Settlement
Case No.  15-CV-1778-EJD-SVK

I, Henry J. Kelston, declare as follows:

1.      I am a member in good standing of the New York State Bar and a partner in of the law firm of Milberg Tadler Phillips Grossman LLP ("MTPG"), a member of the Executive Committee in these proceedings (Dkt. No. 39), at ¶ 9 and (Dkt. 144)).[1] I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

## BACKGROUND AND EXPERIENCE

2.      I am a 1978 graduate of New York University School of Law.  I have practiced at Milberg LLP and MTPG since 2006, representing plaintiffs in consumer protection, securities, and privacy class actions.

3.      Attached as **Exhibit A** is a true and correct copy of MTPG's firm résumé, which describes the firm's experience in class actions and other complex litigation, and biographies of attorneys in the firm who were involved in this case.

## MILBERG LLP AND MTPG'S WORK IN THIS CASE

4.      Milberg LLP spent considerable time and resources thoroughly investigating the factual issues and analyzing the legal claims raised in this litigation. To streamline efforts on behalf of the plaintiffs in the related cases pending against Intuit, Milberg LLP and counsel for other plaintiffs conferred to discuss procedural and substantive issues. As a result of these discussions, to avoid the delay and inefficiency often associated with disputes over venue, plaintiff Carol Knoch agreed to voluntarily dismiss her action filed in the Northern District of Illinois and to file jointly in this District as part of a single consolidated complaint in *Diaz et al. v. Intuit, Inc.*. Further, counsel for plaintiffs in the *Knoch*, *Stock*, *Lebinski*, and *Diaz* actions agreed to serve together as interim class counsel and to work cooperatively in the prosecution of this litigation.

5.      Early in the proceedings, Milberg LLP spent additional, significant time and resources to identify potential additional plaintiffs who had never been Intuit customers and would, therefore, not be

---

[1] Milberg Tadler Phillips Grossman LLP was launched in January 2018 as the result of a strategic partnership between Milberg LLP and Sanders Phillips Grossman LLC to offer a diversified practice platform that includes class actions, mass torts, and complex litigation.

1

Declaration of Henry J. Kelston in Support of
Motion for Preliminary Approval of Class Action Settlement
Case No.  15-CV-1778-EJD-SVK

1  subject to any claim that Intuit might raise regarding arbitration clauses in its customer agreements.

2  Through Milberg LLP's efforts, Plaintiff Richard Brown, who was never an Intuit customer but whose

3  identity was used to file a fraudulent federal tax return by someone else using Intuit's TurboTax service,

4  became a named plaintiff in this action. Mr. Brown's presence in the case was important to the litigation

5  and the present settlement.

6        6.        As a member of the Executive Committee, Milberg LLP and MTPG were involved in all

7  aspects of this case, including drafting pleadings, drafting discovery requests, extensive negotiations and

8  meet-and-confers with defendant regarding document production and privilege claims, document

9  review, opposing Defendant's motions to dismiss, opposing Defendant's to motion to compel

10  arbitration, drafting Plaintiffs' motion for interlocutory appeal of order granting arbitration, preparation

11  of Plaintiffs' mediation statement, conduct of mediation, drafting of settlement proposals and

12  preparation of settlement papers.

13        7.        Based on my experience and knowledge of this case, I have weighed the benefits of the

14  Settlement against the inherent risks and expense of continued litigation, and I believe that the proposed

15  Settlement is fair, reasonable, and adequate.

16

17        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day

18  of August, 2018 at New York, New York.

19

20                                             _s/ Henry J. Kelston_

21                                             Henry J. Kelston

22

23

24

25

26

27

28

2

Declaration of Henry J. Kelston in Support of
Motion for Preliminary Approval of Class Action Settlement
Case No.  15-CV-1778-EJD-SVK

EXHIBIT A



MILBERG

TADLER PHILLIPS GROSSMAN LLP

New York
Los Angeles

## THE FIRM'S PRACTICE AND ACHIEVEMENTS

Milberg Tadler Phillips Grossman LLP ("MTPG") helps clients challenge corporate wrongdoing through class action, mass tort, personal injury, consumer, and shareholder rights services. MTPG was established in 2018 by members of Milberg LLP, a leading class action and complex litigation firm, and Sanders Phillips Grossman LLC, a nationally recognized plaintiffs' law firm representing consumers in mass tort and personal injury cases.[1] MTPG is headquartered in New York City and works with a network of lawyers located across the country.

Milberg LLP, founded in 1965, took the lead in landmark cases that set groundbreaking legal precedents and prompted changes in corporate governance benefitting shareholders and consumers. Milberg LLP pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. It has been responsible for recoveries valued at approximately $56 billion during the life of the firm.

Sanders Phillips Grossman LLC provides exemplary legal representation in the practice areas of Defective Drugs, Defective Medical Devices, Consumer Fraud, Whistleblower, Class Actions, Catastrophic Injury, and Toxic Exposure. As a nationally recognized leading plaintiffs' law firm for the past three decades, the firm and its predecessors have recovered more than one billion dollars for injured consumers. Sanders Phillips Grossman has offices in Seattle, WA; Los Angeles, CA; and Puerto Rico.

Through these firms' strategic partnership, MTPG represents government entities and individuals who have suffered harm from securities fraud, data breaches, antitrust violations, consumer fraud, corporate misconduct, opioids, water contamination, and a wide range of commercial and pharmaceutical malfeasance.

MTPG's ability to pursue claims against defendants is augmented by its investigators, headed by a 27-year veteran of the Federal Bureau of Investigation. The firm's lawyers have been regularly recognized as leaders in the plaintiffs' bar by the National Law Journal, Legal 500, Chambers USA, and Super Lawyers, among others.

## MTPG'S LAWYERS ARE INDUSTRY LEADERS IN A VARIETY OF PRACTICE AREAS

**Securities and Financial Litigation and Arbitration:** In its early years, Milberg LLP built a new area of legal practice in representing shareholder interests under the then recently amended Rule 23 of the Federal Rules of Civil Procedure, which allowed securities fraud cases, among others, to proceed as class actions. MTPG's attorneys have since represented plaintiffs in an array of financial cases, including securities class actions, derivative litigations, accounting malpractice disputes, and FINRA arbitrations. Significant litigation results include: *In re Vivendi Universal, S.A. Securities Litigation* (jury verdict for plaintiff class in January 2010); *In re Tyco International, Ltd. Securities Litigation* ($3.2 billion settlement); *In re Nortel Networks Corp. Securities Litigation* (settlement for cash and stock valued at $1.142 billion); *In re Merck & Co., Inc. Securities Litigation*, Nos. 05-1151 and 05-2367 (D.N.J.) (a $1.062 billion recovery); *In re Comverse Technology, Inc. Derivative Litigation*, No. 601272/2006 (N.Y. Sup. Ct. N.Y. Cnty.) ($62 million settlement which also resulted in significant corporate governance reforms).

---

[1] As of January 1, 2018, Milberg LLP's lawyers are now prosecuting new and active cases out of MTPG.



New York
Los Angeles

**Consumer Litigation:** MTPG's lawyers have long been leaders in protecting consumers from fraudulent and deceptive practices. For example, MTPG lawyers serve as co-lead counsel in class actions challenging the use of "natural" labeling on food products made with crops grown from seeds that have been genetically engineered using sophisticated laboratory techniques (GMOs). *In re Conagra Foods, Inc,*, No.11-05379 (M.D. Cal.) (multi-state class certified; affirmed by Ninth Circuit; petition for *writ of certiorari* denied by U.S. Supreme Court); *Frito-Lay North America, Inc. "All Natural" Litigation,* No. 12-MD-02413 (E.D.N.Y) (recently resolved by a court-approved settlement). Other representative consumer matters include *Correa v. Sensa Products, LLC.,* No. BC476808 (Cal. Super. Court, Los Angeles Cty.) ($9 million settlement in case alleging that the defendant, manufacturer of a weight-loss product, lacked a sufficient scientific basis for certain of its marketing claims); *In re: Shop-Vac Marketing and Sales Practices Litigation*, No. 4:12-md-02380 (M.D. Pa.) (class action against Shop-Vac and Lowe's alleging that the companies misrepresented the tank capacity and horsepower of its wet/dry vacuums; settlement led to extended warranties and marketing and advertising changes); *Novak v. Pacific Bioscience Laboratories Products, Inc., and Pacific Bioscience Laboratories Products, Inc.,* Case No. BC582188 (Cal. Super. Court, Los Angeles Cty.) (case alleging that batteries in certain Clarisonic skin brushes are defective; motion for approval of settlement, which would extend owners' warranties and require the repair or replacement of affected brushes, pending).

**Data Breach and Privacy Litigation:** MTPG's Data Breach and Privacy Practice Group litigates class actions alleging massive data breaches and other violations of consumers' personal and data privacy. Its attorneys have spearheaded numerous highly technical cases and have successfully advanced novel legal theories to protect consumers from ever-evolving cybersecurity and data privacy threats. Representative matters include *In re Equifax, Inc. Customer Data Breach Litigation*, 17-md-02800 (N.D. Ga.) (appointed to Plaintiffs' Steering Committee ("PSC")); *In re Yahoo Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752 (N.D. Cal.) (appointed to the Plaintiffs' Executive Committee); *In re Target Corporation Customer Data Security Breach Litig.*, No. 14-md-2522 (D. Minn.) (appointed to the PSC; achieved a $10 million settlement); *Torres, et al. v. Wendy's International, LLC* 16-cv-00210 (M.D. Fla.) (plaintiffs' counsel); *Fero v. Excellus Health Plan*, No. 6:16-cv-06569 (W.D.N.Y.) (special discovery counsel to lead counsel); *In re Anthem, Inc. Data Breach*, No. 15-MD-02617 (N.D. Cal.) (plaintiffs' counsel; settlement created a $115 million non-reversionary cash fund, delivered more than $500 million in value to the class, and required extensive injunctive relief to prevent a future breach (pending approval)); *In re Premera Blue Cross Customer Data Breach Litig.*, No. 3:15-md-2633-SI (D. Or.) (plaintiffs' counsel); *Carandang v. Google, Inc.* CGC-12-518415 (Cal. Super., San Francisco Cty.) (plaintiff's counsel; reached confidential resolution); *Ung, et al, v. Facebook, Inc.,* 1-12-CV-217244 (Cal. Super., Santa Clara Cty.) (plaintiff's counsel).

**Antitrust:** MTPG's Antitrust Practice Group prosecutes large, complex antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world. It has played an important role in many cases involving price-fixing, supply manipulation, tying arrangements, exclusive dealing, and refusals to deal. Significant antitrust cases include *Blessing v. Sirius XM Radio Inc.*, No. 09-cv-10035 (S.D.N.Y.) (Co-Lead Counsel; class settlement valued at $180 million); *Sandhaus v. Bayer AG, et al.*, No. 00-cv-6193 (D. Kan.) (Co-Lead Counsel, secured largest consumer recovery from a pay-for-delay case in Kansas: $9 million settlement); and *In re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-md-2186 (D. Idaho) (Co-Lead Counsel for Indirect Purchaser Plaintiffs, $5.5 million settlement and agreed upon injunctive relief). The MTPG Antitrust Practice Group continues to act in a number of significant and ongoing antitrust cases including *In re Dealer Management Systems Antitrust Litig.*, MDL No. 2817 (N.D. Ill.) (Dealership



TADLER PHILLIPS GROSSMAN LLP

Plaintiffs' Interim Lead Class Counsel); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687 (D.N.J. 2015) (Plaintiffs' Steering Committee member); *In re Processed Eggs Antitrust Litig.*, MDL No. 2002 (E.D. Pa., 2008) (Indirect Purchaser Plaintiffs' Co-Lead Counsel); and *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-02626 (M.D. Fla. 2015).

**False Claims Act Litigation:** MTPG attorneys have expertise in a wide range of federal and state false claims act ("FCA") cases and have returned hundreds of millions of dollars to federal and state treasuries. Their successful results include: *Caris Healthcare* (alleging that Caris submitted false claims by admitting and recertifying patients into hospice when they did not meet Medicare criteria. The United States partially intervened and Caris agreed to pay $8.5 million to settle the case.); *CareCore* (alleging that CareCore violated the FCA by approving "prior authorizations" for expensive diagnostic procedures without reviewing them for medical necessity. The government intervened, the case settled for $54 million, and the relator received a 20% ($10.5 million) share of the settlement); *Bank of America* (alleging that Bank of America improperly recouped insurance proceeds from the U.S. Department of Housing and Urban Development. Settled as part of the $16.65 billion global settlement regarding Bank of America's mortgage practices – the largest civil settlement with a single entity in American history); *CareAll* (alleging one of Tennessee's largest home healthcare providers made fraudulent submissions of Medicare and Medicaid claims. The government intervened and the case settled for $25 million with a relator's share of $3.9 million); *Medline* (case arising from unlawful kickbacks, bribes, and other illegal remuneration to induce health care providers to continue to purchase defendant's medical supplies in which the government declined to intervene. The resulting $85 million settlement is one of the largest settlements of a non-intervened FCA case to date.); *Bristol-Myers Squibb* (FCA case brought in connection with the company's "off-label" promotion and sales of an anti-psychotic drug. One of seven FCA actions that formed the basis of the government's investigation into BMS's illegal marketing tactics which resulted in a total settlement of over $515 million.).

**E-Discovery**: Among the first plaintiffs' firms in the country to assemble and train a dedicated team to meet the e-discovery demands of complex litigation, Milberg LLP, at Ariana J. Tadler's direction, developed some of the most exceptional e-discovery capabilities among U.S. law firms. Established more than 15 years ago, that e-discovery practice has grown extensively and today, MTPG offers clients the ability to go toe-to-toe with adversaries in the fast-evolving e-discovery climate. This multidisciplinary group offers clients a full array of counsel services relating to discovery strategy, data preservation, data collection and storage, sophisticated data search and analysis, production, and computer forensic investigation, as well as training on e-discovery issues, including application of the recent amendments to the Federal Rules of Civil Procedure, local rules, and state law. MTPG's e-discovery attorneys are regularly called on by attorneys and courts to oversee complex discovery in high-stakes litigation. *E.g., In re Equifax, Inc. Customer Data Breach Litigation*, 17-md-02800 (N.D. Ga.) (appointed to Plaintiffs' Steering Committee and responsible for leading discovery); *In re Yahoo Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752 (N.D. Cal.) (appointed to Plaintiffs' Executive Committee and responsible for leading discovery); *In re Target Corporation Customer Data Security Breach Litig.*, No. 14-md-2522 (D. Minn.) (appointed to the PSC and charged with leading discovery); *Fero v. Excellus Health Plan*, No. 6:16-cv-06569 (W.D.N.Y.) (special discovery counsel to lead counsel).

## NOTEWORTHY RESULTS AND PRECEDENT-SETTING DECISIONS

The quality of MTPG's representation is further evidenced by Milberg LLP's and MTPG's numerous significant recoveries and successes. Those firms and their attorneys have also been



New York
Los Angeles

responsible for establishing many important precedents. Some of those achievements are described below:

- ***In re Merck & Co., Inc. Securities Litigation***, Nos. 05-1151 and 05-2367 (D.N.J.). Milberg LLP served as co-lead counsel in this federal securities fraud class action, and following over 12 years of hard-fought litigation, ultimately obtained a combined settlement totaling $1.062 billion, the largest securities class action settlement ever against a pharmaceutical company, which received final approval on June 28, 2016. This lawsuit involved claims under the Securities Exchange Act of 1934 against Merck and certain of its executives arising out of allegations that defendants made materially false and misleading statements concerning the safety profile and commercial viability of Merck's purported "blockbuster" drug VIOXX. During this litigation, Milberg LLP and co-lead counsel engaged in exhaustive discovery, including the review and analysis of over 35 million pages of documents involving complex scientific and medical issues, as well as the examination of over 59 fact and expert witnesses. Plaintiffs successfully appealed the dismissal of this action on state of limitations grounds to the Third Circuit Court of Appeals, and prevailed in defendants' further appeal to the Supreme Court, resulting in a unanimous decision by the Supreme Court in Plaintiffs' favor which clarified the law regarding the application of the statute of limitations to federal securities fraud claims. Plaintiffs' claims also survived additional motions to dismiss and motions for summary judgment, and the parties reached settlement less than three months before trial was scheduled to commence.

- ***In re Oppenheimer Rochester Funds Group Securities Litigation,*** No. 09-md-02063-JLK-KMT (D. Colo.). Milberg LLP, serving as co-lead counsel, litigated this complex securities class action brought on behalf of six separate classes of defrauded investors and obtained settlements totaling $89.5 million in cash for the classes.

- ***In re Vivendi Universal, S.A. Securities Litigation***, No. 02-5571 (S.D.N.Y.). Milberg LLP lawyers served among lead trial counsel and obtained a jury verdict for a class of defrauded investors after a trial lasting nearly four months. The jury found Vivendi liable for 57 false or misleading class period statements. At the close of the trial, Judge Richard Holwell commented, "I can only say that this is by far the best tried case that I have had in my time on the bench. I don't think either side could have tried the case better than these counsel have."

- ***In re Target Corporation Customer Data Security Breach Litigation***, No. 14-md-02522-PAM (D. Minn.). Partner Ariana J. Tadler serves on the Steering Committee guiding the landmark data breach case. In addition to participating in overall case strategy, the drafting of pleadings and motions, and settlement negotiation, the Milberg LLP team was responsible for leading discovery, which included targeted discovery requests, the establishment of a series of discovery protocols, the selection of a data-hosting provider, and discovery motion practice that involved unique topics warranting special attention. The case, which involved an estimated 110 million consumers whose personal information was compromised, settled for $10 million, entitling individual consumers to recover losses up to $10,000.

- ***In re Conagra Foods, Inc.***, No.11-05379 (M.D. Cal.). The firm is co-lead counsel in a class action against ConAgra Foods, Inc., the maker of Wesson Oils, concerning the company's use of the phrase "100% Natural" to market food products made with crops grown from seeds that have been genetically engineered using sophisticated laboratory techniques. The District Court certified eleven separate statewide classes of Wesson purchasers. ConAgra appealed the class certification order to the Ninth Circuit Court of Appeals, which affirmed in



New York
Los Angeles

a decision considered extremely favorable to consumer class actions. Conagra petitioned the U.S. Supreme Court for review of the Ninth Circuit's decision. The Supreme Court denied the petition.

- ***In re Chase Bank USA, N.A. "Check Loan" Contract Litig.***, No. 09-2032 (N.D. Cal.). Milberg LLP served on the Executive Committee representing the class in this action against JP Morgan Chase & Co. The complaint alleged that Chase improperly increased by 150% the minimum monthly payment requirement for customers who entered into balance transfer loans with "fixed" interest rates that were guaranteed to remain so for the "life of the loan." Milberg and its co-counsel achieved a $100 million settlement for the class.

- ***Mason v. Medline***, No. 07-05615 (N.D. Ill.). Milberg LLP successfully represented a healthcare worker in a False Claims Act case against his former employer, Medline Industries, Inc., one of the nation's largest suppliers of medical and surgical products, along with its charitable arm, The Medline Foundation. The suit alleged that Medline engaged in a widespread illegal kickback scheme targeting hospitals and other healthcare providers that purchase medical products paid for by federal healthcare programs. Although a party to the settlement agreement, the U.S. Department of Justice chose not to intervene in the lawsuit. Milberg LLP pursued the case on a non-intervened basis and recovered $85 million on behalf of the federal government -- one of the largest settlements of a False Claims Act case in which the government declined to intervene. The whistleblower was awarded 27.5% of the proceeds.

- ***Blessing v. Sirius XM Radio, Inc.,*** No. 09-10035 (S.D.N.Y.). This antitrust case stemmed from the 2008 merger of Sirius Satellite Radio, Inc. and XM Satellite Holdings, Inc. that created Sirius XM, the nation's only satellite radio company. The plaintiffs alleged that the merger of the only two U.S. satellite radio providers was an illegal move to eliminate competition and monopolize the satellite radio market. Before the merger, Sirius CEO Mel Karmazin convinced regulators not to block the deal by promising that "the combined company will not raise prices" and that the merger would actually result in "lower prices and more choice for the consumer." After the merger, Sirius quickly reversed course, raised prices by 15-40%, and eliminated multiple radio stations. Milberg LLP achieved a settlement for the class valued at $180 million.

- ***In re Initial Public Offering Securities Litigation***, No. 21-MC-92 (S.D.N.Y.). Milberg LLP represented investors in 300+ consolidated securities actions arising from an alleged market manipulation scheme. Plaintiffs alleged, among other things, that approximately 55 defendant investment banks, in dealing with certain of their clients, conditioned certain allocations of shares in initial public offerings on the subsequent purchase of more shares in the aftermarket, thus artificially boosting the prices of the subject securities. This fraudulent scheme, plaintiffs alleged, was a major contributing factor in the now infamous technology "bubble" of the late 1990s and early 2000s. As a member of the court-appointed Plaintiffs' Executive Committee, and with certain partners appointed by the court as liaison counsel, Milberg LLP oversaw the efforts of approximately 60 plaintiffs' firms in combating some of the most well-respected defense firms in the nation. In granting final approval to a $586 million settlement on October 5, 2009, the court described the law firms comprising the Plaintiffs' Executive Committee as the "cream of the crop."

- ***In re Tyco International Ltd., Securities Litigation***, MDL 1335 (D.N.H.). Milberg LLP served as co-lead counsel in this litigation, which involved claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Tyco and its former CEO, CFO, general counsel, and certain former directors arising out of allegations of Tyco's $5.8 billion overstatement of income and $900 million



in insider trading, plus hundreds of millions of dollars looted by insiders motivated to commit the fraud. Plaintiffs also asserted claims under the 1933 and 1934 Acts against PricewaterhouseCoopers LLP for allegedly publishing false audit opinions on Tyco's financial statements during the class period and failing to audit Tyco properly, despite knowledge of the fraud. On December 19, 2007, the court approved a $3.2 billion settlement of the plaintiffs' claims lauded Milberg LLP's efforts as co-lead counsel:

> This was an extraordinarily complex and hard-fought case. Co-Lead Counsel put massive resources and effort into the case for five long years, accumulating [millions of dollars in expenses] and expending [hundreds of thousands of hours] on a wholly contingent basis. But for Co-Lead Counsel's enormous expenditure of time, money, and effort, they would not have been able to negotiate an end result so favorable for the class. . . . Lead Counsel's continued, dogged effort over the past five years is a major reason for the magnitude of the recovery. . . .

535 F. Supp. 2d 249, 270 (D.N.H. 2007).

- ***In re Biovail Corp. Securities Litigation***, No. 03-8917 (S.D.N.Y.). Milberg LLP, representing Local 282 Welfare Trust Fund and serving as co-lead counsel, litigated this complex securities class action brought on behalf of a class of defrauded investors, alleging that defendants made a series of materially false and misleading statements concerning Canadian company Biovail's publicly reported financial results and the company's then new hypertension/blood pressure drug, Cardizem LA. This was a highly complex case in which counsel took

numerous depositions across the U.S. and Canada and obtained documents from defendants and several third-parties, including, among others, UBS, McKinsey & Co., and Merrill Lynch. Milberg LLP obtained a $138 million settlement for the class, and Biovail agreed to institute significant corporate governance changes.

- ***In re Nortel Networks Corp. Securities Litigation***, No. 01-1855 (S.D.N.Y.). In this federal securities fraud class action, Milberg LLP served as lead counsel for the class and the court-appointed lead plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund. In certifying the class, the court specifically rejected the defendants' argument that those who traded in Nortel securities on the Toronto Stock Exchange (and not the New York Stock Exchange) should be excluded from the class. The Second Circuit denied the defendants' attempted appeal. On January 29, 2007, the court approved a settlement valued at $1.142 billion.

- ***In re CMS Energy Corp. Securities Litigation***, No. 02-72004 (E.D. Mich.). Milberg LLP served as co-lead counsel in this federal securities fraud case arising out of alleged round-trip trading practices by CMS Energy Corporation, Judge Steeh approved a cash settlement of more than $200 million.

- ***In re Deutsche Telekom AG Securities Litigation***, No. 00-9475 (S.D.N.Y.). Milberg LLP served as co-lead counsel in this securities class action alleging that Deutsche Telekom issued a false and misleading registration statement, which improperly failed to disclose its plans to acquire VoiceStream Wireless Corporation and materially overstated the value of the company's real estate assets. In June 2005, Judge Buchwald approved a $120 million cash settlement.

- ***In re Comverse Technology, Inc. Derivative Litigation***, No. 601272/2006 (N.Y. Sup. Ct. N.Y. Cnty.). On December 28, 2009, Milberg LLP announced a $62



MILBERG

TADLER PHILLIPS GROSSMAN LLP

New York
Los Angeles

million settlement for the derivative plaintiffs, which was approved by the Court on June 23, 2010. The settlement also resulted in significant corporate governance reforms, including the replacement of the offending directors and officers with new independent directors and officers; the amendment of the company's bylaws to permit certain long-term substantial shareholders to propose, in the Company's own proxy materials, nominees for election as directors (proxy access); and the requirement that all equity grants be approved by both the Compensation Committee and a majority of the non-employee members of the Board.

- *In re Topps Co., Inc. Shareholder Litig.*, No. 600715/2007 (N.Y. Sup. Ct. N.Y. Cnty. Apr. 17, 2007). Milberg LLP served as co-lead counsel in this transactional case, which led to a 2007 decision vindicating the rights of shareholders under the rules of comity and the doctrine of *forum non conveniens* to pursue claims in the most relevant forum, notwithstanding the fact that jurisdiction might also exist in the state of incorporation. This case was settled in late 2007 in exchange for a number of valuable disclosures for the class.

- *Platinum Partners v. Chicago Board Options Exchange, Inc.*, No. 1-11-2903 (Ill. App. Ct. 2012). MTPG currently represents Platinum Partners, an investment management group, in a case against the Chicago Board Options Exchange, Inc. and Options Clearing Corp., arising from their private disclosure of strike price information to certain insiders prior to that information being made public. Platinum Partners asserted claims against CBOE and OCC under the Illinois Securities Law, the Illinois Consumer Fraud and Deceptive Trade Practices Act, and common law fraud. To date, Platinum Partners has won two separate appeals in the Appellate Court of Illinois, First District. First, on August 10, 2012, Platinum Partners obtained reversal of the circuit court's dismissal of this action with prejudice on the basis that Platinum Partners' claims were barred by

the doctrine of regulatory immunity. Six years later, Platinum Partners obtained reversal of the circuit court's decision granting OCC summary judgment on the same basis that OCC's conduct was protected by the doctrine of regulatory immunity. In both decisions, the appellate court held that, "[w]here defendants privately disclose information about the price adjustment of a stock option to selected market participant before the information is made publicly available, the doctrine of regulatory immunity does not apply."

- *In re Lord Abbett Mutual Funds Fee Litigation*, 553 F.3d 248 (3d Cir. 2009). This important decision set significant precedent regarding the scope of preemption under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In reversing the District Court's dismissal of the plaintiffs' claims, the Third Circuit held that "SLUSA does not mandate dismissal of an action in its entirety where the action includes only some pre-empted claims." In so holding, the court explained that "nothing in the language, legislative history, or relevant case law mandates the dismissal of an entire action that includes both claims that do not offend SLUSA's prohibition on state law securities class actions and claims that do . . . ."

- *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). In *Tellabs*, in which Milberg LLP was lead counsel for the class, the United States Supreme Court announced a uniform standard for evaluating the sufficiency of a complaint under the PSLRA. The court held that on a motion to dismiss, a court "must consider the complaint in its entirety," accepting "all factual allegations in the complaint as true," as well as "tak[ing] into account plausible opposing inferences." On remand, the Seventh Circuit concluded that "the plaintiffs have succeeded, with regard to the statements identified in our previous opinion as having been adequately alleged to be false and material, in pleading scienter



New York
Los Angeles

in conformity with the requirements of the PSLRA. We therefore adhere to our decision to reverse the judgment of the district court dismissing the suit." The unanimous decision was written by Judge Richard A. Posner.

- *South Ferry LP #2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008). The important opinion issued by the Ninth Circuit in this securities fraud class action clarified, in the post-*Tellabs* environment, whether a theory of scienter based on the "core operations" inference satisfies the PSLRA's heightened pleading standard. In siding with the plaintiffs, represented by Milberg LLP, the Ninth Circuit held that "[a]llegations that rely on the core operations inference are among the allegations that may be considered in the complete PSLRA analysis." The court explained that under the "holistic" approach required by *Tellabs*, all allegations must be "read as a whole" in considering whether plaintiffs adequately plead scienter. After remand, the District Court found that the plaintiffs sufficiently alleged scienter under the Ninth Circuit's analysis.

## MTPG's ATTORNEYS

**ARIANA J. TADLER** is a Managing Partner at Milberg Tadler Phillips Grossman LLP. She has extensive experience litigating and managing complex securities and consumer class actions, including high profile, fast-paced cases and data breach litigations. Ms. Tadler is recognized as one of the nation's preeminent leading authorities on electronic discovery and pioneered the establishment of an E-Discovery Practice group within a plaintiffs' firm structure. Ms. Tadler is regularly invited to speak on a variety of litigation and discovery-related topics and has authored numerous articles and developed and promoted best practice tips and tools, including The Jumpstart Outline, published by The Sedona Conference®.

Ms. Tadler and her team have actively litigated numerous highly publicized data breach litigations on behalf of consumers and data service users. Ms. Tadler is one of five court-appointed members of the Plaintiffs' Executive Committee in the Yahoo! data breach litigation, a class action arising from a breach affecting more than 3 billion Yahoo! user accounts. The firm's team, under Ms. Tadler's direction, is primarily responsible for the massive and complex discovery in the case. To date, the Milberg team has taken the lead in drafting extensive formal requests for Production of Documents as well as negotiating a series of discovery-related orders entered by the Court, including a protective order, E-Discovery protocol, "Rule 502" order governing the inadvertent production of privileged materials, and ESI Search Protocol. Milberg is supervising the ongoing review of case documents, applying advanced technological tools to facilitate efficient review. Ms. Tadler is a member of the court-appointed Steering Committee in *In re Target Corporation Customer Data Security Breach Litigation*, representing consumers in a class action alleging that Target Corp. failed to protect customers from a massive data breach during the holiday shopping season.

Ms. Tadler is currently serving as lead counsel in a number of consumer cases involving the mislabeling as "natural" products that contained GMOs, including *In re ConAgra Foods, Inc.*, in which a class was certified by the district court, affirmed by the Court of Appeals for the Ninth Circuit and successfully survived a petition for a writ of certiorari to the United States Supreme Court by defendants. Ms. Tadler successfully represented an alternative energy company in its claims of negligence against one of the Big 4 accounting firms. Ms. Tadler's accomplishments also include litigation of three cases in the Eastern District of Virginia (a/k/a the "Rocket Docket") in less than four years, including *In re MicroStrategy Securities Litigation* in which plaintiffs' counsel negotiated settlements valued at more



MILBERG

TADLER PHILLIPS GROSSMAN LLP

New York
Los Angeles

than $150 million. Ms. Tadler served as one of the court-appointed plaintiffs' liaison counsel in the *Initial Public Offering Securities Litigation* in which the court approved a $586 million cash settlement. Among the thousands of defendants in this coordinated action were 55 prominent investment banks and more than 300 corporate issuers.

Ms. Tadler also has been retained as Special Discovery Counsel in complex litigation and class actions. She represented the government of Colombia as Special Discovery Counsel in its pursuit of claims alleging smuggling and illegal sales of alcohol by several international companies for violation of United States RICO statutes and other common law claims. The engagement encompassed identifying relevant information responsive to defendants' requests, confirming and guiding preservation practices, and interviewing and collecting data from more than 100 custodians in 23 Colombian Departments (Colombia's equivalent to our States in the U.S.). The team also reviewed and produced data in the litigation, and was tasked with ensuring compliance with the various privacy laws of Colombia and the United States with regard to personal data, controlled data and the transfer of sensitive information — all hot topics in the area of E-Discovery today. Lawyers from other firms faced with E-Discovery challenges seek out Ms. Tadler for her guidance and counsel.

Ms. Tadler was recently appointed by United States Supreme Court Chief Justice Roberts to serve on the Federal Civil Rules Advisory Committee. Additionally, she has been appointed by Committee Chair Judge John D. Bates to the subcommittee tasked with reviewing and considering potential civil rules for multidistrict litigation (MDL) cases.

Ms. Tadler recently completed her service on The Sedona Conference®'s Board of Directors and, after serving for five years as Chair, is Chair Emeritus of the Steering Committee for Working Group 1 on

Electronic Document Retention and Production, the preeminent "think tank" on E-Discovery. In addition, she serves on the Advisory Board of Georgetown University Law Center's Advanced E-Discovery Institute where she has helped educate federal judges and lawyers on E-Discovery issues and also serves on the Bloomberg Law Litigation Innovation Board. Ms. Tadler also recently completed her service as Executive Director for the Board of Advisors of the Benjamin N. Cardozo School of Law's Data Law Initiative (CDLI).

Ms. Tadler continues to be recognized for her litigation prowess by prominent legal industry rating organizations. Ms. Tadler's most recent accolades include Band 1 (highest) recognition by Chambers and Partners for E-Discovery; selection by Super Lawyers 2017 "Top 100 Lawyers in New York Metro Area"; Super Lawyers 2017 "Top 50 Women Lawyers in New York Metro Area"; Who's Who Legal Litigation: Leading Practitioner-E-Discovery (2017); and AV® Preeminent rating from Martindale Hubbell. The Legal 500 2016 rankings stated: "'Consummate professional' Ariana Tadler, who leads the E-Discovery unit [of Milberg LLP], is `exceptional, clear and forceful, a giant in her field' . . . 'able to navigate technical discovery issues at a very high level.'

Ms. Tadler is a member of several legal industry associations, including: American Bar Association; American Bar Foundation (Fellow); American Association for Justice; Federal Bar Council; New York State Bar Association; National Association of Women Lawyers; New York Women's Bar Association; and The New York Inn of Court. Ms. Tadler is a fellow of the Litigation Counsel of America, an invitation-only trial lawyer honorary society that recognizes the country's top attorneys. She is also involved in various community and not-for-profit organizations and currently serves on the board of Mobilization for Justice for which she once served as Chair.



New York
Los Angeles

With gratitude for and in recognition of the many opportunities that have paved the way for her career growth and success, Ms. Tadler commits countless hours to mentoring others in their educational and professional pursuits. She is particularly focused on fostering education and career opportunities for women and underprivileged youth.

Ms. Tadler is also a Principal in Meta-e Discovery LLC, a data hosting, management and consulting company, which is the result of the spin-off of Milberg LLP's prior Litigation Support and Data Hosting services division that Ms. Tadler helped to build.

Ms. Tadler graduated from Hamilton College in 1989. In 1992, she received her J.D. from Fordham University School of Law, where she was the Articles and Commentary Editor of the Fordham Urban Law Journal, a member of the Moot Court Board, and the 1990 recipient of the American Jurisprudence Award in Criminal Law.

**HENRY KELSTON** received a B.S. degree, *cum laude*, from Tufts University in 1975, and a J.D. degree from New York University School of Law in 1978, where he was a member of the *Annual Survey of American Law*.

Mr. Kelston's practice is concentrated in the areas of complex litigation and electronic discovery. He has extensive experience in state and federal court litigation, administrative proceedings, and arbitrations. Mr. Kelston is a regular speaker and CLE presenter on electronic discovery. He is a member of The Sedona Conference® Working Group 1 on Electronic Document Retention and Production. Prior to joining Milberg, he practiced at Proskauer Rose in New York and Siegel, O'Connor & Kainen in Connecticut.

Mr. Kelston is admitted in the United States District Courts for the Southern and Eastern Districts of New York and the District of Connecticut.

**ANDREI V. RADO** focuses his practice on securities litigation, consumer class actions, and SEC whistleblower matters.

Since the passage of the Dodd-Frank Act in 2010, Mr. Rado has represented numerous whistleblowers before the commission under a program that rewards and protects whistleblowers that report violations of securities laws to the Securities and Exchange Commission. These involved a variety of complaints, including allegations of bribing foreign officials to gain business, accounting fraud, and consumer fraud, against a variety of companies diverse in size and business.

Mr. Rado's securities practice has included numerous complex litigations nationwide, including *In re Initial Public Offering Securities Litigation*, which alleged, in hundreds of consolidated cases then pending in the Southern District of New York, that investment banks manipulated the initial public offerings of hundreds of companies, and mutual fund timing cases alleging that mutual fund managers allowed select investors to profit by improperly timing their trading in fund shares.

Mr. Rado also investigates, launches, and litigates consumer class actions. These cases are as diverse as consumer fraud itself. Early in his career, Mr. Rado litigated a case against jewelry company Zales for improperly denying credit-insurance claims made by unemployed and retired consumers, and a class action against computer maker Gateway for improperly understating in advertising the costs of internet access to consumers, some of whom incurred internet-access fees of hundreds of dollars. More recently, among other cases, Mr. Rado has launched and litigated consumer cases against companies that misled consumers by inflating the technical specifications of their products, and "all natural" food cases, including the first case alleging that products made from genetically modified organisms (GMOs) should not be advertised as natural.

Prior to joining Milberg, Mr. Rado worked an attorney at a New York City-based investment bank focusing on compliance, with rules and regulations relating to re-sales of



control and restricted securities under the Securities Act of 1933. Mr. Rado also worked at another prominent New York City law firm specializing in plaintiffs' securities class action litigation.

Mr. Rado received his Juris Doctor degree from St. John's University School of Law, cum laude, in 1999. While in law school, Mr. Rado served as a senior member of the New York International Law Review. He is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern District of New York. Mr. Rado was born in Bucharest Romania, and lived in Israel for several years before immigrating to New York in the early 80s.

**PAUL J. ANDREJKOVICS** graduated from Union College, Schenectady, NY, in 1992, Phi Beta Kappa, magna cum laude, with a B.A. degree in political science. In 1995, Mr. Andrejkovics received his J.D. degree from Albany Law School.

Mr. Andrejkovics's practice concentrates on class action settlements and settlement administration. He was admitted as a member of the New York bar in 1996 and is admitted to practice before the United States District Court for the Northern, Southern, and Eastern Districts of New York.

**JOHN SEREDYNSKI** *(no longer with the firm)* practice focuses on class action litigation involving defrauded investors and consumers in federal and state courts. Before joining Milberg LLP, Mr. Seredynski worked at a boutique firm in New York practicing securities litigation. During law school, Mr. Seredynski was named to the Dean's List, and served as a research assistant for the Center for New York City Law. Prior to law school, Mr. Seredynski worked on a presidential campaign, and served as Judiciary Committee Staff Intern to a member of the United States Senate.

Mr. Seredynski is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit.

**CAREY ALEXANDER** *(no longer with the firm)* focuses his practice on complex consumer litigation and class actions.

Mr. Alexander received his B.A. from Skidmore College in 2004, and graduated *magna cum laude* from the St. John's University School of Law in 2012. During law school, Mr. Alexander served as Associate Managing Editor of the *St. John's Law Review*. His student note, *Abusive: Dodd–Frank Section 1031 and the Continuing Struggle to Protect Consumers*, 85 St. John's L. Rev. 1105 (2012), has been cited in several legal journals, including the *Harvard Law Review*.

Prior to law school, Mr. Alexander served as an editor of the consumer-advocacy blog, *Consumerist.com*. He also served as an advisor to the Bronx Borough President and worked as part of the National Campaign to Restore Civil Rights.

Mr. Alexander is a member of the New York City Bar Association, the New York State Bar Association, and the American Bar Association. He is admitted to practice in the State of New York.