IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE INTUIT DATA LITIGATION | Master Docket No. 15-CV-1778-EJD-NC |
|---|---|
| THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Honorable Edward J. Davila |

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and all briefing, arguments, exhibits and other evidence submitted in support thereof, including the Class Action Settlement Agreement ("Agreement"), dated August 23, 2018 and executed by Plaintiffs Richard Brown, Christine Diaz, Carol Knoch, James Lebinski, David Stock, and Marilyn Williams, and by Defendant Intuit Inc. ("Intuit"), it is hereby ORDERED as follows:

1.      Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Agreement.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

3. The following "Class" is provisionally certified, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(e):  All persons in the United States in whose identities fraudulent federal tax returns for the Tax Years 2014, 2015, and/or 2016 were filed using TurboTax, as determined by the United States Internal Revenue Service.  Excluded from the Class are all employees of Intuit, counsel for the Parties, the Judge presiding over this Action, and Court staff.

4. The Court finds that, for settlement purposes only, the Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2)—namely, that for settlement purposes, (1) the Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) the Plaintiffs' claims are typical of those of the Class Members; (4) the Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Class Members; and (5) as alleged, Intuit has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

5. Certification of the Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

6. The Court preliminarily approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval.  The Court notes that the Settlement was reached through significant arms-length negotiations assisted by an experienced mediator, Hon. Edward Infante (Ret.) of JAMS.

7. The Court appoints Plaintiffs Richard Brown, Christine Diaz, Carol Knoch, James Lebinski, David Stock, and Marilyn Williams as class representatives for the Class.

8. The Court appoints the following law firms as Class Counsel for Class: Lieff, Cabraser, Heimann & Bernstein, LLP; Milberg Tadler Phillips Grossman LLP; Goldman Scarlato & Penny, PC; Abbott Law Group, PA; and Siprut, PC.

1    9.    The Court appoints JND Legal Administration ("JND") to serve as the Settlement Administrator, and directs JND to carry out all duties and responsibilities of the Settlement Administrator as specified in the Agreement and herein.

10.   The Court approves the program for disseminating notice to Class Members set forth in the Agreement and Exhibit A thereto (herein, the "Notice Program").  The Court approves the form and content of the proposed forms of notice, in the forms attached as Attachments 1 through 3 to Exhibit A to the Agreement.  The Court finds that the proposed forms of notice are clear and readily understandable by Class Members.  The Court finds that the Notice Program, including the proposed forms of notice, is reasonable and appropriate and satisfies any applicable due process and other requirements, and is the only notice to the Class Members of the Settlement that is required.

11.   The Court approves the form and content of the proposed credit monitoring services claim form, substantially in the form attached as Attachment 4 to Exhibit A to the Agreement, and approves the procedures set forth in the Agreement for Class Members to enroll in the free credit monitoring services.

12.   Class List:  Within seven (7) days after entry of this Order, Intuit shall, in a secure manner, provide the Settlement Administrator and TransUnion Risk and Alternative Data Solutions, Inc., a subsidiary of TransUnion LLC (the "Skip Trace Provider"), with data files (the "Class List") as follows:

   a.    For Class Members who, according to Intuit's records, are current or former TurboTax customers ("Customer Class Members"), Intuit shall provide the Settlement Administrator with the following information:  (i) name; and (ii) last known email address in Intuit's records.

   b.    For Class Members who, according to Intuit's records, have never been TurboTax customers ("Non-Customer Class Members"), Intuit shall provide the Skip Trace Provider with the following information:  (i) name; and (ii) Social Security Number(s).

13.   Intuit is hereby authorized and directed to provide the Class List, including such information in the Class List that may be subject to 26 U.S.C. § 7216, to the Settlement

3

1  Administrator, the Skip Trace Provider and TransUnion Interactive, Inc. (the "Credit Monitoring
2  Provider"). The Settlement Administrator, the Skip Tracing Provider and the Credit Monitoring
3  Provider are authorized to use the Class List, including such information in the Class List that
4  may be subject to 26 U.S.C. § 7216, consistent with, and solely to effectuate, the terms of this
5  Settlement. The Settlement Administrator shall maintain the Class List in a secure manner at all
6  times and shall not disclose the Class List or any other personally identifiable information of
7  Class Members to any third-parties other than the Skip Tracing Provider and/or the Credit
8  Monitoring Provider. The Skip Tracing Provider and/or the Credit Monitoring Provider also shall
9  maintain the Class List in a secure manner at all times and shall not disclose the Class List or any
10 other personally identifiable information of Class Members to any third-parties.

11      14.     <u>Email Notice</u>:  By no later than twenty one (21) days after entry of this Order (the
12 "Notice Deadline"), the Settlement Administrator shall email notice, substantially in the form
13 attached as Attachment 1 to Exhibit A to the Agreement, to each Customer Class Member on the
14 Class List, at the email address listed for them in the Class List. The sender title and subject line
15 for the email notices shall be as set forth in the Agreement.

16      15.     <u>Mail Notice</u>:  The Skip Trace Provider shall conduct a reverse look-up (i.e., skip
17 trace) to attempt to identify a mailing address for each Non-Customer Class Member on the
18 Class List, using the names and Social Security Numbers for them in the Class List and shall
19 provide the results to the Settlement Administrator. For each Non-Customer Class Member for
20 which the Skip Trace Provider identifies a mailing address through the process identified above
21 in this paragraph, by no later than the Notice Deadline, the Settlement Administrator shall mail
22 them notice, substantially in the form attached as Attachment 2 to Exhibit A to the Agreement,
23 via first class U.S. Mail postage pre-paid, at the mailing addresses identified.

24      16.     <u>Settlement Website</u>:  As soon as practicable, but no later than one (1) day before
25 the first date that any notices are emailed or mailed to Class Members, the Settlement
26 Administrator shall establish an Internet website, at the URL, www.IntuitDataLitigation.com (the
27 "Settlement Website"), where Class Members can obtain further information about this Action,
28 the Settlement, and their rights, and enroll electronically in the credit monitoring services being

provided pursuant to the Settlement.  The Settlement Website shall be optimized for display on mobile devices.  The Settlement Website shall include, and make available for download:  a copy of the Agreement; the operative complaint in this Action; a long-form class notice ("Long-Form Notice") substantially in the form attached as Attachment 3 to Exhibit A to the Agreement; a downloadable, printable form for enrolling in the credit monitoring services, substantially in the form attached as Attachment 4 to Exhibit A to the Agreement; and such other case documents as agreed to by the Parties.  The Settlement Website shall be operational until at least the Effective Date of the Settlement.  The Settlement Website shall include an appropriate mechanism for Class Members to update their contact information.

17. <u>Toll-Free Number</u>:  As soon as practicable, but no later than one (1) day before the first date that any notices are emailed or mailed to Class Members, the Settlement Administrator shall establish a toll-free telephone number (the "Toll-Free Number") that Class Members can call to receive additional information about the Settlement.  The Toll-Free Number shall be operational until at least the Effective Date of the Settlement.

18. All costs and expenses of the Notice Program and other costs of the Settlement Administrator shall be paid by Intuit.

19. No later than seven (7) days before the Final Approval Hearing, the Settlement Administrator shall file an affidavit with the Court confirming its implementation of the Notice Program.

20. Class Members shall have the option of enrolling in the free credit monitoring services benefit, provided pursuant to the Settlement, online via the Settlement Website or by mail.  The deadline for Class Members to enroll shall be sixty (60) days after the Notice Deadline (the "Credit Monitoring Enrollment Deadline").  Mailed enrollment forms must be postmarked by the Credit Monitoring Enrollment Deadline.

21. Any Class Member may comment on, or object to, the Settlement, Class Counsel's application for attorneys' fees and costs, and/or the request for Plaintiff service awards.  To be considered, an objection must be in writing, must be filed with or mailed to the Court, and mailed to the Settlement Administrator at the addresses listed in the Long Form Class

5

Notice, postmarked no later than forty-five (45) days after the Notice Deadline (the "Objection Deadline"), and must include the following: (i) the case caption; (ii) the name, address, telephone number, and signature of the person objecting; (iii) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number, (iv) a statement of the grounds for his or her objection; and (v) the basis upon which the objector claims to be a Class Member.

22. No Class Member may contest the approval of the terms and conditions of the Settlement, the Final Judgment, any request for or award of attorneys' fees and costs to Class Counsel, or any request for or award of Plaintiff service awards, except by filing and serving a written objection in accordance with the provisions set forth above. Any Class Member who fails to object in the manner prescribed above, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement, Class Counsel's application for attorneys' fees and costs, and any application for Plaintiff service awards.

23. The Court directs that the Final Approval Hearing be scheduled for _____, 201_, at ____ a.m., to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable and adequate to the Class Members; whether the Final Judgment should be entered; whether Class Counsel's application for attorneys' fees and costs should be approved; and whether any request for service awards for the Plaintiffs should be approved.

24. By no later than twenty one (21) days before the Objection Deadline, Plaintiffs and Class Counsel shall file a motion for final approval of the Settlement and an application for attorneys' fees and expenses and for Plaintiff service awards. By no later than fourteen (14) days before the Final Approval Hearing, the Parties shall file any responses to any Class Member objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees and expenses and for Plaintiff service awards. After it is filed Class Counsel's application for attorneys' fees, costs, and Plaintiff service awards shall be posted on the Settlement Website.

25. The Court reserves the right to modify the date of the Final Approval Hearing and related deadlines set forth herein. In the event the Final Approval Hearing is moved, the new date and time shall be posted on the Settlement Website.

26. If the Settlement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Agreement. This Court's conditional certification of the Class and findings underlying the conditional certification shall be solely for settlement purposes. This Order will not waive or otherwise impact the Parties' rights or arguments.

27. Pending the final determination of whether the Settlement should be approved, all proceedings in this Action, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

28. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order.

29. The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day for Intuit to provide the Class List to the Settlement Administrator and Skip Trace Provider | **7 days after entry of Preliminary Approval Order** |
| Notice Deadline | **21 days after entry of the Preliminary Approval Order** |
| Last day for: (a) Plaintiffs to file motion for final approval of the Settlement; and (b) Class Counsel to file their application for attorneys' fees, costs, and Plaintiff service awards | **24 days after Notice Deadline** |
| Objection Deadline | **45 days after Notice Deadline** |
| Credit Monitoring Enrollment Deadline | **60 days after Notice Deadline** |
| Last day for the Parties to file any responses to objections, and any reply papers in support of motion for entry of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and Plaintiff service awards | **14 days before Final Approval Hearing** |
| Final Approval Hearing | **[TBD]** |

IT IS SO ORDERED.

Dated: _____, 201__

                                                  _____
Edward J. Davila
UNITED STATES DISTRICT JUDGE