IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE INTUIT DATA LITIGATION | Master Docket No. 15-CV-1778-EJD-SVK |
|---|---|
| THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING RESONABLE ATTORNEYS' FEES, COSTS AND SERVICE AWARDS; AND ENTERING FINAL JUDGMENT**<br><br>Honorable Edward J. Davila |

This matter came before the Court for hearing on May 9, 2019, pursuant to the Court's Preliminary Approval Order dated October 4, 2018 (Dkt. No. 173; as modified by Dkt. 179, 189), and on the motion for final approval of the Class Action Settlement Agreement, dated August 23, 2018 (the "Agreement"), entered into by the Parties, as well as Class Counsel's motion for an award of attorneys' fees and costs and for Plaintiff service awards. Due and adequate notice having been given to the Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Agreement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

3. The "Class" for purposes of this Order, shall mean:

> All persons in the United States in whose identities fraudulent federal tax returns for the Tax Years 2014, 2015, and/or 2016 were filed using TurboTax, as determined by the United States Internal Revenue Service. Excluded from the Class are all employees of Intuit, counsel for the Parties, the Judge presiding over this Action, and Court staff.

4. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5. The Court finds that the program for disseminating notice to the Class Members provided for in the Agreement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes notice reasonably calculated under the circumstances to appraise Class Members of the pendency of the Action, the terms of the Settlement, their right to object to the Settlement, and their right to appear at the Final Approval Hearing.

6. The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(e), and that Class Counsel and the Plaintiffs, as class representatives, fairly and adequately represent the interests of the Class Members. Specifically, for settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied: The Class is so numerous that joinder of all members is impractical. There are more than 1 million persons in the Class. Moreover, there are issues that are common to the Class, including whether Intuit took adequate steps to prevent taxpayers' identities from being used by third parties to file fraudulent federal tax returns using the TurboTax service. Further, the Plaintiffs' claims arise from the same alleged course of conduct and are typical of the Class. Finally, the Court finds that the Plaintiffs and Class Counsel have adequately represented the class and that there are not

conflicts among the class. The Court further finds, pursuant to Federal Rule of Civil Procedure 23(b)(2), that as alleged, Intuit has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

7. The Court finds that the Agreement, including the exhibits thereto, is fair, reasonable and adequate to the Class Members, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23. The Agreement represents a fair resolution of the claims asserted on behalf of the Plaintiffs and the Class Members in this Action and released by the Agreement, and fully and finally resolves all such claims. Intuit, Plaintiffs, and the Class Members shall be bound by the Agreement, including the Release provisions set forth in paragraphs 72-79 of the Agreement, which is incorporated by reference herein, and by this Order and the Final Judgment entered in connection with this Order.

8. In granting final approval of the Agreement, the Court has considered the factors that courts in this Circuit consider in evaluating proposed class settlements. *See Churchill Village LLC v. General Electric Corp.*, 361 F.3d 566, 575 (9th Cir. 2004). The Court finds that, given the benefits provided to Class Members pursuant to the Agreement; the strengths and weaknesses of the parties' respective claims and defenses in the litigation; the risk, expense, complexity, and likely duration of further litigation; the fact that significant discovery and litigation have occurred in this case; given the experience and views of Class Counsel who have considerable experience litigating class actions and other complex cases; and given the positive reaction of the Class Members—only eight objections were filed—the Agreement is fair, reasonable, and adequate and should be approved.

9. The Court finds that the Agreement was negotiated in good faith and at arms-length by the parties and their experienced counsel, with the assistance of a highly-capable mediator, Hon. Edward A. Infante (Ret.) of JAMS, and is free of any evidence of collusion. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

10. The Court further finds, pursuant to Federal Rule of Civil Procedure 23(e)(2), that the Plaintiffs and Class Counsel have adequately represented the Class; the Agreement here was negotiated at arms-length; the settlement benefits provided under the Agreement are adequate in relation to the scope of the claims released; and that the Agreement treats the Class Members equitably relative to each other.

11. The Court also grants Class Counsel's request for attorneys' fees, costs, and Plaintiff service awards.

12. Class Counsel are hereby awarded attorneys' fees and costs in the total amount of $2,820,000.00 (with such total amount comprised of attorneys' fees of $2,717,225.56, and reimbursement of litigation costs of $102,774.44). Intuit shall pay such amount to Class Counsel pursuant to the terms of the Agreement, separate from and in addition to the other benefits provided to Class Members pursuant to the Settlement. The requested fees represent a negative multiplier of approximately 0.715 on counsel's submitted lodestar. The Court finds that the requested fees are reasonable and appropriate under the circumstances and under applicable standards, given *inter alia* the novelty and complexity of the issues in this case, the results achieved, Class Counsel's commitment of time and resources in this case; and the risks that Class Counsel assumed in litigating this case on a contingency basis. The Court further finds that Class Counsel's request for reimbursement of litigation costs is reasonable in amount, and that such costs were reasonably incurred in the prosecution of this case.

13. The Court hereby awards service awards of $5,000 each, to Plaintiffs Richard Brown, Christine Diaz, Carol Knoch, James Lebinski, David Stock, and Marilyn Williams, to compensate them for their commitments and efforts on behalf of the Class Members. Intuit shall pay such amounts pursuant to the terms of the Agreement, separate from and in addition to the other benefits provided to Class Members pursuant to the Settlement. The Court finds that the requested service awards are reasonable, appropriate, and justified by the circumstances of the Plaintiffs' efforts and commitments on behalf of the Class.

14. Eight (8) objections to the Agreement and/or Class Counsel's fee request were submitted. As stated at the hearing, the Court has considered the objections and hereby overrules each of them.

15. The Parties and Settlement Administrator are hereby directed to implement the Settlement in accordance with the terms and provisions thereof.

16. As of the Effective Date, Plaintiffs and all other Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns (collectively, the "Releasing Parties"), shall waive, release, forever discharge, and will not in any manner pursue the Released Claims against any Released Parties, as defined and set forth in paragraph 72 of the Agreement. As set forth in the Agreement, the Release shall apply only to claims for declaratory, injunctive and non-monetary equitable relief, and not to any claims for damages or other monetary relief. Intuit shall not sue Plaintiffs or their counsel for malicious prosecution or abuse of process based on the filing of this Action or the underlying actions, or any papers previously filed therein.

17. The Court hereby dismisses this Action with prejudice, and without fees or costs except as provided in the Agreement and this Order.

18. Nothing in this Order or the Final Judgment entered in connection with this Order shall preclude any action to enforce the terms of the Settlement.

19. Without affecting the finality of this Order or the Final Judgment entered in connection with this Order in any way, the Court hereby retains continuing jurisdiction over: (a) all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement; and (b) the Parties, Class Counsel and Class Members for the purpose of administering, supervising, construing and enforcing this Order and the Settlement in accordance with its terms.

20. Neither this Order (nor the Final Judgment entered in connection with this Order), the Agreement, nor any action taken to carry out this Order or the Final Judgment entered in connection with this Order shall be construed or used against Intuit or the Released Parties as an

admission, concession or evidence of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.

21. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement and to make other non-material modifications, in implementing the Settlement, that are not inconsistent with this Order.

22. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: _____May 15_____, 2019

_____
Edward J. Davila
UNITED STATES DISTRICT JUDGE

1724396.3